IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TIMOTHY CRAIG WALKER                                                    PLAINTIFF

VS.                                                    CIVIL ACTION NO. 3:08CV478JCS

MARK SHEPHERD, ET AL. .                                                DEFENDANTS


**MEMORANDUM OPINION AND ORDER**

The Court held an omnibus hearing[1] in this matter, at which time it conferred with the plaintiff and counsel for the defendants in this suit founded upon 42 U.S.C. § 1983. At that hearing, the parties consented to have a United States Magistrate Judge conduct any and all further proceedings in the case and order the entry of final judgment, and the District Judge subsequently entered an order of reference. 28 U.S.C. 636(c); Fed. R. Civ. P. 73. Walker is proceeding in this matter *in forma pauperis*. 28 U.S.C. § 1915(e). For the reasons discussed below, plaintiff's claims are due to be dismissed with prejudice.

After his arrest by Green County officials for violation of his probation, Walker was held in the Pike County Jail from July 2, 2008 to August 18, 2008. He has filed the instant 42 U.S.C. § 1983 complaint against Pike County Sheriff Mark Shepherd and Pike County. In his complaint and at his omnibus hearing, Walker alleged that while at the jail, he was (1) given inadequate medical attention, in that the facility's nurse declined to continue his blood pressure medication which had been prescribed by a doctor at the Green County Jail and only gave him ibuprofen for a sharp pain in his groin, (2) forced to sleep on floor for two weeks due to overcrowding; (3)

---

[1] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

forced to endured unsanitary conditions while in the jail, which refused to provide cleaning supplies; (4) required to sleep on a steel bed for four days after officers took the inmates' mattresses following a shakedown; and (5) forced to obtain stamps and toiletries from his family because the facility refused to supply them. Per his complaint, as relief, Walker asks "the judge [to] decide what monetary relief he sees fit in this case, but no less than $50,000." For the reasons described below, the undersigned hereby finds that the Plaintiff's complaint should be dismissed.

At the Spears/omnibus hearing held on this matter, Walker was given an opportunity to elaborate upon his claims and develop the facts leading to this lawsuit. Walker explained that the MDOC doctors have not placed him on blood pressure medication as his pressure is in normal range and that the MDOC doctors, like the nurse at the jail, have given him ibuprofen for his groin pain. Walker could point to no physical injury as a result of the conditions at the jail. Having considered the Plaintiff's sworn testimony and his complaints, the undersigned finds that the complaint should be dismissed, as he has suffered no physical injury.

Section 1997e of Title 42 provides that "[n]o federal civil action may be brought by a prisoner confined in jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Fifth Circuit, "'[r]elying on [its] Eighth Amendment jurisprudence," has "determined that the 'physical injury' required by § 1997e(e) must be more than de minimus [sic], but need not be significant." Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999) (citing Siglar v. Hightower, 112 F.3d 191 (5th Cir.1997) (finding that where a guard twisted a prisoner's arm and twisted his ear, resulting in bruising and soreness for three days, the injury was de minimis and would not support a claim for

mental or emotional suffering)). Here, as set forth above, Walker does not claim to have suffered any physical injury. As Walker did not purported to seek any other form of damages by either his complaint or at his omnibus hearing, the court finds that his complaint is subject to dismissal under § 1997e.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the _21__day of April, 2009.


____s/ James C. Sumner_____
UNITED STATES MAGISTRATE JUDGE